In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-189 CR


____________________



RICHARD DALE BISHOP, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court


Newton County, Texas


Trial Cause No. N2002-13






O P I N I O N


 A jury convicted Richard Dale Bishop of criminal trespass. The trial court assessed
punishment and sentenced Bishop to confinement for 180 days in the Newton County Jail. 
The sentence was suspended and Bishop was placed under community supervision for two
years. Bishop was also assessed a $500 fine. 

 Bishop appeals raising two issues. First, he contends the trial court erred in
overruling his motion to quash the original complaint filed in the Justice of the Peace
Court. Bishop cites no authority, and we are aware of none, which would cause the
proceedings held in County Court to be set aside if the original complaint were held
invalid. No argument is made regarding the sufficiency of the complaint and information
filed in County Court under which Bishop was prosecuted. Issue one is overruled.

 Bishop further claims the evidence is legally insufficient to support his conviction. 
Specifically, Bishop argues the State failed to prove Thomas Gill was the owner of the
property. Joann Gill testified that she and her husband, Thomas Gill, owned the property
and lived there for eighteen years. Thomas Gill testified he had lived in the house
approximately eighteen years and the land upon which it sits was inherited from his father.
Gill testified the property was deeded to him and the deeds were recorded. We find this
evidence sufficient for any rational trier of fact to have found beyond a reasonable doubt
that Gill was the "owner" within the meaning of Tex. Pen. Code Ann. § 1.07(a)(35)
(Vernon 1994). (1) See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979). Issue two is overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM

Submitted on November 15, 2002 

Opinion Delivered November 27, 2002

Do not publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. "'Owner' means a person who:

 (A) has title to the property, possession of the property, whether lawful or not, or
a greater right to possession of the property than the actor[.]"